*1059 OPINION OF THE COURT
James C. Tormey, III, J.
Petitioner has presented a CPLR article 78 petition challenging his dismissal pursuant to Civil Service Law § 71 as a permanent employee of the respondent, Health Science Center (HSC). Each party acknowledges, and the court confirms, there is a dearth of prior judicial review of Civil Service Law § 71. It appears that this may be a case of first impression regarding what is the proper procedure for the appointing authority to utilize where a statute provides for the termination of a permanent employee without a prior hearing.
Petitioner became employed by HSC on November 10, 1994 as a cleaner, grade 5, noncompetitive class. Thereafter, he gained permanent status on November 9, 1995, after successfully completing his probationary period. While performing his duties on December 6, 1995, the petitioner sustained an employment-related injury to his back. He was placed on workers’ compensation leave as a result of the injury. In an employee leave certification signed by Dr. Buerkle on February 2, 1996, the petitioner’s physician indicated Mr. Wickwire’s incapacity would "never” end. Thereafter, respondent’s agent, Mr. Halton, by correspondence dated February 12, 1996, informed the petitioner that he would be terminated by March 13, 1996, pursuant to Civil Service Law § 71 if he continued to be permanently disabled. Petitioner denies receipt of this letter before March 13, 1996. Also, Mr. Halton cannot attest to the manner of service of said letter or whether it was served at all. His affidavit affirms that "I can only state that the February 12th letter was dictated and forwarded for mailing by me on that date. I have no knowledge as to when the petitioner received same.” Thereafter, Mr. Halton sent a letter dated March 13, 1996, terminating the petitioner as an employee of HSC. No hearing was conducted prior to termination.
In order for a Civil Service Law § 71 termination to be effective, it is incumbent on HSC to strictly follow the rules of 4 NYCRR 5.9 (c). In this particular instance, the court directs the parties’ attention to the requirement of service of notice before the termination is effective. Specifically, section 5.9 (c) (2) provides "no such termination of service, if not the result of a hearing, shall be effective until 30 days from the service upon the employee, in person or by mail, of notice of such impending action” (emphasis added). Herein, HSC has no proof of service of its letter and cannot even assure the court that it was *1060 mailed. At best, Mr. Halton knows he dictated the letter but cannot attest to its manner of transmission or timeliness of service. Further, even assuming that said letter was posted on February 12th, the law provides "where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period” (CPLR 2103 [b] [2]). Therefore, even assuming service by mail (in which no receipt was requested by the sender), it would have extended the time before the respondent could legally terminate petitioner’s appointment by five days (to wit: Mar. 18, 1996). However, HSC proceeded to terminate the petitioner on March 13, 1996 — less than the 30 days provided by law. By whatever time line the court allows HSC to use, the termination of the petitioner was not done in a period of time permitted by law.
Secondly, Mr. Halton’s letter did not conform to the notice requirements provided in 4 NYCRR 5.9. Specially, the regulations require, in part, that the employee be notified of "the right to apply to the appointing authority pursuant to subdivision (d) of this section for reinstatement to duty if medically fit” and "the right after termination of employment to apply to the Civil Service Department within one year of the end of disability for reinstatement to the position if vacant, to a similar position, or to a preferred list” (4 NYCRR 5.9 [c] [2] [emphasis added]).
Nowhere in Mr. Halton’s letter does he advise the petitioner of all his rights pursuant to subdivision (d) of 4 NYCRR 5.9. Rather, he summarizes portions of that provision. If he did not provide a copy of the regulation, then it is his responsibility to properly summarize all of subdivision (d). The court finds that Mr. Halton did not inform the petitioner of his rights under 4 NYCRR 5.9 (d) (3), (4), (5), (6). By example, the petitioner was not informed that if he "is not certified by the examining physician to be fit, [the employee] may in the discretion of the appointing authority, upon the request of the employee, be restored to duty notwithstanding that finding, based upon all information available” (4 NYCRR 5.9 [d] [3]). Additionally, Mr. Halton made the representation that the petitioner will have one year from the date of "full recovery” to apply for reinstatement. Once again, he has not properly informed the petitioner of the grounds upon which the petitioner could reapply. Section 5.9 (c) (2) provides that reinstatement can occur upon the "end of disability”; something the court notes might be less than "full recovery”. The court wishes to emphasize that strict *1061 adherence to the notice provisions of Civil Service Law § 71 and its underlying regulations is critical to satisfy due process requirements where a statute allows for the termination of a permanent employee without a prior hearing.
As a result of these deficiencies, the court grants the petition. The alleged termination of the petitioner did not comply with the appropriate procedures to end the employment of a permanent worker. Therefore, the purported termination was not effective and in derogation of the lawful authority provided to HSC. The petitioner is to be returned to his employment retroactive to March 13, 1996.